PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

# United States District Court

**District** OF COLUMBIA

**FILED**

**Name** JAMES ALFRED GARFIELD BUNCH, JR.

**Prisoner No.** 0056115/3095646

**Case No.**

JUN 16 2008

Clerk, U.S. District and
Bankruptcy Courts

**Place of Confinement**

CRAVEN CORRECTIONAL INSTITUTION

**Name of Petitioner** (include name under which convicted)

JAMES A.G. BUNCH, JR.
P.O. BOX 839
VANCEBORO, NC 28586

**Name of Respondent** (authorized person having custody of petitioner)

V.   UNITED STATES OF AMERICA,
LARRY DAIL, ROY COOPER, LOUISE
FLANAGAN,

**The Attorney General of the State of:** ROY COOPER AND UNITED STATES ATTORNEY GENERAL

## PETITION

1. Name and location of court which entered the judgment of conviction under attack HERTFORD COUNTY SUPERIOR COURT, P.O. BOX ___, Clerk of Court, Winton, NC

2. Date of judgment of conviction September 19, 1990

3. Length of sentence 30 YRS., 12 YRS, and 10 YRS = TOTAL 52 Years

4. Nature of offense involved (all counts) First Degree Kidnapping (30 yrs); First Degree Kidnapping (12 yrs); Possession of Stolen Firearm (10 yrs)

Case: 1:08-cv-01050
Assigned To : Friedman, Paul L.
Assign. Date : 6/16/2008
Description: Habeas Corpus/2255

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

1

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   N.C. COURT OF APPEALS

   (b) Result   Conviction Upheld (No Error)

   (c) Date of result and citation, if known   April 21, 1992 / 106 N.C. App. 128 (1992)

   (d) Grounds raised   I. Trial Court Erred In Denying Defendants "Motion To Continue The Trial of His Case; II Denial of Effective Assistance of Counsel without Adequate Time To Prepare; III. Court Erred In Not Dismissing At Close.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court   N.C. Supreme Court

   (2) Result   Denied

   (3) Date of result and citation, if known   July 16, 1992 / Citation Unknown 215 P 92

   (4) Grounds raised   I. Ineffective Trial / Appellant Counsel; II Petitioner's Rights to Aid in Appeal; III. Court Participation In Denying Trial Counsel

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court   U.S. Eastern District / and Western / and Middle of N.C.

   (2) Result   Transferred To Eastern District and Denied, U.S. Fourth Circuit, Denied / Dismissed without opinion

   (3) Date of result and citation, if known   U.S. Supreme Court 3/17/00 / 5/1/06

   (4) Grounds raised   Ineffective Trial and Appellant Counsel; Involuntary Waiver of Trial Counsel; Unconstitutional Jurisdiction, Venue, Actual Innocence

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

   Yes ☑        No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court   Caswell County Superior Court

   (2) Nature of proceeding   Writ of Habeas Corpus

   (3) Grounds raised   I Hertford County Lacked Jurisdiction "Jurisdiction belongs only To and in Caswell County; Invalid Indictments

(3)

AO 241 (Rev. 5/85)

III Ineffective Assistance of Counsel At Trial and Direct Appeal
IV Involuntary Waiver of Counsel "Choice Between Unprepared
Counsel and Self Representation. V Specific Controls Over General

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Result  Denied, Denied, Denied

(6) Date of result  8/28/07 / 10/10/07 / 11/8/07

(b) As to any second petition, application or motion give the same information:

(1) Name of court  U.S. Middle District of North Carolina (Greens-horo)

(2) Nature of proceeding  Writ of Habeas Corpus  28 U.S.C. 2254

(3) Grounds raised  Hertford County Lacked Jurisdiction To Try Petition
15A-132(c); 15A-742-743; 15A-627.631; 15A-954(f)(6); 18 U.S.C.
351073, 3182-3183; 18 U.S.C. 241-242; II Denial of Effective
Trial/Appeal Counsel; III Involuntary Waiver of Counsel and
Being Forced To Choose Between Incompetent Counsel or Self.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Result  Dismissed, Transferred To U.S. Eastern District

(6) Date of result  Dec. 28, 2007 ; Jan. 3, 2008
Stayed.

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☑    No ☐
(2) Second petition, etc.    Yes ☑    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.     Ground one: CONVICTION OBTAINED BY AN UNCONSTITUTIONALLY SELECTED AND IMPANELED GRAND AND PETIT JURIES AND CONSPIRACY BY DEFENDANTS

Supporting FACTS (state *briefly* without citing cases or law) Petitioner Files a Colorable 2254 Complaint alleging Hertford County Superior Court Lacked Jurisdiction Since Under The Uniform Extradition Act. "The Governor is required to submit a Sworn Affidavit, Under Oath, Warrants issued by The Governor are Sworn-to- under Oath. U.S. Constitution Article IV, SS Low 2; Titles 18 U.S.C SS 1073, 3182-3183; N.C.G.S. 15A-742-743

B.     Ground two: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND APPELLANT COUNSEL ON DIRECT APPEAL

Supporting FACTS (state *briefly* without citing cases or law) Kevin Leahy of Hertford County stated: I CANNOT EFFECTIVELY REPRESENT BUNCH. and I cannot give Bunch Good Representation on these serious charges, Trial Transcript Pages 13; Lines 13-17, and Page 14-15, Lines 25, and 1-3. Petitioner was Forced to Trial with a Court Appointed Counsel whom came Unprepared, Unfamiliar, and Incompetent, also on Appeal.

15A-743 States: The Governor of North Carolina 'ACTS' upon Application from the Local Prosecuting Attorney for a Requisition for the return of a criminal suspect from the other state.' 15A-743(a)(b).' A copy of the application, supporting documents, and Affidavits along with the action of the Governor MUST' be Filed and stored in the Office of the "Secretary of State", ... the other copies are to be sent along with the governor's extradition demand.' The Application 'MUST' state the Name, the crime charged, the time, place and circumstances, ... and Certification/Affidavit ... must be executed in duplicate, and accompanied by two certified copies of the Charging Papers and Affidavit filed, or the complaint made to a judge.'

N.C.G.S. § 15A-742; "The Governor of this State SHALL demand a person charged with a crime or with escaping from confinement". . from the executive authority of any other State, or from the "Chief Justice or an Associate justice of the "Supreme Court" of the "District of Columbia" authorized to receive such demand under the laws of United States, he shall issue a warrant under the seal of this state, to some agent, commanding him to receive the person so charged if delivered to him and convey him to the Proper Officer of the County in this State in which the Offense was Committed; The Offenses

(6)

All Occurred In Caswell County, Yanceyville, North Carolina. The Governor of New York received an Extradition Warrant pursuant to "The United States Constitution Article IV, sections 1 and 2; Title 18 U.S.C. §§ 1073, 3182 and 3183;" Whenever the Executive Authority of any State ... demands any person as a fugitive from justice ... and produces a copy of an indictment found or an Affidavit made before a magistrate ...

The Sixth Amendment states in Pertinent Part; "In All criminal prosecutions;" the accused "SHALL" enjoy the Right to a Speedy and Public Trial, by an Impartial Jury of the STATE and DISTRICT WHEREIN the Crime "SHALL" have been committed, WHICH DISTRICT "SHALL" have been PREVIOUSLY ASCERTAINED BY LAW", ...

Petitioner was captured in Brooklyn, New York by F.B.I. Agents and U.S. Marshals based on Federal Warrants, "Flight To AVOID Prosecution" 18 U.S.C. 1073, by Federal Magistrate-Judge, Russell A. Eliason, on May 22, 1989, File No. 88A-CE-60929, from Greensboro, NC (U.S. Middle District of N.C.); F.B.I. No. 120-837-N11, New York Police Officer George Lapine, Badge No. 78, states; "Being duly sworn,

deposes and says, that upon information and belief, defendant James A.G. Bunch, Jr., is charged in the State of North Carolina, City of Yanceyville, County of Caswell, the crime of Armed Robbery, Escape, Kidnapping, Taking Hostage... Warrant No. 8904321."

The Federal Warrants issued by United States Magistrate-Judge Russell A. Eliason constitutes a Law of the United States whose violation is grounds for Habeas Corpus Relief. Hertford County Prosecutors and Sheriff acted together to violate the Affidavit sworn-to-under Oath by Caswell County, H. Fleetwood, before Federal Magistrate-Judge Eliason, verified by The Executive Authority "Governor" of North Carolina that Petitioner was to be held and tried in Caswell County, Yanceyville, NC. (Exhibits A & B)

N.C. G.S § 131-133, Venue" 15A-132(c) states: "When counties have concurrent venue, the First county in which a criminal process is issued in the case becomes the county with Exclusive venue." see also 15A-133(a) and (e).

N.C. GS15A-133(a) waiver must be in writing and signed by the defendant and the prosecutor indicating the consent of all parties to the waiver..., and if the venue is to be laid in a County in another

(8)

judicial district, the consent in writing of the prosecutor in that district MUST "be Filed with the clerks of both counties." (Caswell and Hertford County) N.C.G.S. § 15A-631 states: "... A grand jury shall have venue to present or indict in any case where the county in which it is sitting has venue for trial pursuant to the laws relating to trial venue. N.C.G.S. § 15A-627 and 15A-628(b); 627 Requires the Superior Court to have Original Jurisdiction in order for the prosecutor to submit a bill of indictment "... and 15A-628(b)... "the grand jury may consider any offense which may be prosecuted in the courts of the county of the "judicial district" when there has been a waiver of venue in accordance with Article 3 of this Chapter, VENUE. CONGRESS, The Senate and House of Representatives clearly intended that All States Obey and Comply with Article IV, sections 1 and 2, The Sixth Amendment, The Uniform Extradition Act, Title 18 U.S.C. sections 1073, 3182 and 3183 and 18 U.S.C. § 241-242.

N.C.G.S. § 15A-954(a)(6) "MOTION TO DISMISS"

(a) The court on Motion of the defendant MUST dismiss the charges stated in a criminal pleading if it determines that:

(6) The defendant has previously been charged

(9)

with the SAME OFFENSE in another North Carolina
court of competent jurisdiction, and the
criminal pleading charging the offense is
still pending and valid. (Trial Transcript)
"MR. BUNCH" I would like to motion that the court
to dismiss the Kidnapping charges as a whole.
"MR. BUNCH" I would also like to request a motion,
Your Honor, that all the charges the State has
brought against me be dismissed and especially
Kidnapping since they are also charges that
have been arraigned in District Court in
Yanceyville and they have been bound over
to Superior Court in Yanceyville, the very same
Kidnapping charges, alleging the very same
thing. (Pages 218, Lines 9-10; Page 219, Lines 6-12)
Actually, Hertford County Sheriff Winfred
Hardy, District Attorney's David Beard and
Thomas Newbern All Released a Press Statement
to the News Herald Newspaper of their intentions
to Violate The Laws and Constitutions of Con-
gress, Constitution and move Petitioner 200
miles, and Violate the Sworn Affidavits Federal
Warrants and Oaths before Magistrate-judge
Russell A Eliason, 18 U.S.C. §§ 241-242, 1073,
3182, 3183, Article IV, § 1 and 2 and The Slave

(10)

Act / Fugitive Slave Act of September 18, 1850.

WHEREFORE, The Governor's Extradition Warrants sworn to under Oath, based on an Indictment from Caswell County by District Attorney H. Fleetwood, of Yanceyville, N.C., Caswell County and the Willful and Malicious Trial, Conviction, Indictment and Wrongful Imprisonment Since September 19, 1990, Constitutes False Imprisonment Involuntary Slavery, Cruel and Unusual Punishment by Hertford County District Attorney and Sheriff by both a Grand and Petite Jury whom were Unlawfully and Unconstitutionally Impaneled.

"FURTHERMORE, Caswell County did Not dismiss the charges and indictment until March 27, 1991 over six months after Petitioner had been illegally indicted and convicted by an illegally impaneled Jury on September 19, 1990." THEREFORE, CONGRESS specifically outlawed The Fugitive "Slave" Act of 1850 and The Thirteenth (13th) Amendment Abolished Slavery and The Failure of the State of North Carolina to Obey and Follow the Provisions of The Uniform Extradition Act, Constitution Article IV, § 1 and 2, Sixth Amendment, Title 18 U.S.C. §§ 1073, 3182, 3183 and Conspiracy Against Rights, 18 U.S.C. § 241-242, Constitutes Jurisdiction in The District Of Columbia.

(11)

AO 241 (Rev. 5/85)

C. Ground three: INVOLUNTARY WAIVER OF THE RIGHT TO COUNSEL BY BEING FORCED TO CHOOSE BETWEEN UNPREPARED COUNSEL OF PRO SE

Supporting FACTS (state *briefly* without citing cases or law) The choice between Counsel whom comes to Court Unprepared, Unfamiliar, and Unqualified or forced to choose between Counsel's Incompetence and Self Representation Is Not A Valid Waiver. These Illegal Proceedings happened under the direct Supervision of The U.S. Congress, Governors of North Carolina and New York, and F.B.I.

D. Ground four: PETITIONER IS ACTUALLY AND FACTUALLY INNOCENT

Supporting FACTS (state *briefly* without citing cases or law) Petitioner is Actually and Factually Innocent because The specific Charges of "Taking of a Hostage by a Prisoner" Is controlling N.C.G.S. 14-258.3, and If Hertford County Lacked Jurisdiction of these Two Offenses, then Hertford County Lacked Jurisdiction because All Offenses Occurred in Caswell County. See Extradition Warrants

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing CASWELL COUNTY, W. OSMOND SMITH, III, in Hertford County, Kevin Leahy (Probable Cause Hearing)

(b) At arraignment and plea CASWELL COUNTY, W. OSMOND SMITH, III, in Hertford County, Kevin Leahy

AO 241 (Rev. 5/85)

(c) At trial   Hertford County, Kevin Leahy

(d) At sentencing   Kevin Leahy

(e) On appeal   Kevin Leahy

(f) In any post–conviction proceeding   Teresa Smallwood + Regina Rogers-Parker, Bruce Daughtey, and Perry W. Martin

(g) On appeal from any adverse ruling in a post–conviction proceeding   Teresa Smallwood and Regina Rogers-

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☑        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐        No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future:    NONE

(b) Give date and length of the above sentence:    NONE

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☑  NONE

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_James A. Y. Bunch, Jr._
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
May 28, 2008
(date)

_James A. Y. Bunch, Jr._
Signature of Petitioner

THEREFORE, Petitioner ask that the Court Grant The Following Relief:

1. Arrest Judgement,
2. Order North Carolina To Release Petitioner,
3. Release Petitioner on His Own Recognizance,
4. Order North Carolina To Parole Petitioner,
5. Order North Carolina To Give Petitioner A New Trial in The Proper Jurisdition of Caswell County, Yanceyville, North Carolina, Forthwith.
6. Order The United States District Court, Middle District of North Carolina to Issue The Writ, Granting Petitioner Immediate Release.
7. Order The Governor of North Carolina To Pardon Petitioner, Forthwith.
8. Issue An Order That Congress Intended That All States Comply With The Constitution And Extradition Laws, 18 U.S.C. §§ 1073, 3182-83, 241-42.
9. Issue An Order That The Eastern and Middle District of North Carolina Fax and Transfer All The Records and Exhibits in File Numbers. 1:07 CV 926 M.D.N.C. and 5:07-HC-2219 E.D.N.C. To The United States District Court of Columbia.

Any and All other Relief I Am Entitled.

This 28 day of May, 2008.            James A. Y. Bunch, Jr.

I declare under penalty of perjury, the foregoing is true and correct. 28 USC3 1746.  5/28/08        James A. Y. Bunch, Jr.

(14)  5/28/08

## CERTIFICATE OF SERVICE

This is to certify that the foregoing "Writ of Habeas Corpus" pro se, with some exhibits being attached and others being mailed, was served via United States Mail, postage prepaid on this 28 day of May, 2008; Address as follows:

Clerk of Court
U.S. District Court
District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

From:

James A. G. Bunch, Jr.

James A. G. Bunch, Jr., pro se
P.O. Box 839
Vanceboro, NC 28586

(15)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *James A. Bunch, Jr.* | *USA, et al* |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *88888*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

*Pro Se (PA)*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*# 0056115*

Case: 1:08-cv-01050
Assigned To : Friedman, Paul L.
Assign. Date : 6/16/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*28 USC 2241 - Habeas Corpus*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C P. 23  DEMAND $  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form

DATE *6.16.08*  SIGNATURE OF ATTORNEY OF RECORD  *NCD*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

III.   CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form

EXHIBIT A

Federal Bureau of Investigation

**AIRTEL**

To:

Att: Criminal Investigative Division
Fugitive Unit

From: SAC, CHARLOTTE (88A-60929) (P)

Date: 5/24/89

INSTRUCTIONS - Reverse Side
NOTE: Priority "A" and "B" Fugitives - With initial submission, set forth a synopsis of crime on reverse side.

Subject: JAMES ALFRED GARFIELD BUNCH, JR., aka
James Alfred Garfield Bunch, James Alfred
Garfield, James Alfred Bunch, Jr.,
James Alfred Bunch, Alfred Bunch,
James Bunch, Garfield Bunch, (X) Garfield,
(FNU) Garfield, David Simmons,
Roger David Simmons, Tario Hassan Mohammad,
Tario Hussan Muhammad, Tariq Muhammad,
Tariq Mohammad, Tariq Hassan Muhammad -
FUGITIVE(A)
UFAP - ARMED ROBBERY; KIDNAPING; TAKING OF
HOSTAGE BY PRISONER; ESCAPE FROM CUSTODY; OO: CE

☒ III Inquiry
☒ Initial Submission
☐ Initial Submission - Parental Kidnapping
☐ Supplements FD-65 dated _____

Indicate Fugitive Priority
☒ A
☐ B
☐ C
☐ D (Parental Kidnaping)

# FUGITIVE INDEX

| Caution | MIKE | Name | | NAM | Sex | SEX | Race | RAC |
|---------|------|------|---|-----|-----|-----|------|-----|
| | | JAMES ALFRED GARFIELD BUNCH, JR. | | | M | | B | |

| Place of Birth POB | | Birth Date DOB | Date of DOE Emancipation | | Height HGT | Weight WGT |
|---|---|---|---|---|---|---|
| Ahoskie, NC | | 9/21/56 | | | 5'10" | 175 |

| Eye Color EYE | | Hair Color HAI | FBI No. FBI | | Skin Tone SKN |
|---|---|---|---|---|---|
| Brown | | Black | 120 837 N11 | | Medium |

| Scars, Marks, Tattoos and Other Characteristics | | | | SMT |
|---|---|---|---|---|
| Scar left wrist; scar lower lip; scar face; scar forehead | | | | |

| NCIC Fingerprint Classification FPC | Other Identifying Number MNU | Social Security # SOC |
|---|---|---|
| 17 14 11 13 13 19 DO 14 18 18 | NC Dept. of Corrections #20956-46 | 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 |

| Operator's License Number OLN | Operator's License State OLS | Year Expires OLY |
|---|---|---|
| 3465095 | NC | 1989 |

| Offense Charged | Unlawful Flight to Avoid Prosecution | | | | OFF |
|---|---|---|---|---|---|
| U. S. Code, Title and Section | Title 18, Section 1073, USC | | | | |
| Warrant Issued By U.S. Magistrate RUSSELL A. ELIASON | on 5/22/89 | DOW | E.O. File # 88A-CE-60929 OCA |

| Miscellaneous Including Bond Recommended | | | | (MIS) |
|---|---|---|---|---|
| DRUG DEALER; CONSIDER ARMED & DANGEROUS; KIDNAPPED POLICE OFFICERS AND TOOK ONE .357 MAGNUM REVOLVER; ESCAPE RISK. No federal bond recommendation; however, local authorities request subject be held without bond in view of escape status. | | | | AUTOMATED |

| LICENSE PLATE AND VEHICLE INFORMATION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| License Plate Number LIC | State | | LIS | Year Expires LIY | | License Plate Type LIT | | |
| Vehicle Identification # VIN | Year VYR | Make | VMA | Model | VMO | Style VST | Color | VCO |

| Aliases | Additional Identifiers |
|---|---|
| James Alfred Garfield Bunch, James Alfred Garfield, James Alfred Bunch, Jr., James Alfred Bunch; Alfred Bunch, James Bunch, Garfield Bunch, (X) Garfield; (FNU) Garfield, David Simmons. Roger David Simmons, Tario Hassan Mohammad, Tario Hussan Muhammad, Tariq Muhammad, Tarig Mohammad, Tariq Hassan Muhammad | DOB 4/6/53, 9/21/55; OLN 238960676; OLS VA; OLY 1991 SSAN 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, 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 |

| NCIC # | NIC |
|---|---|
| W536093B59 | |

FILED
JUN 16 2008
Clerk, U.S. District and
Bankruptcy Courts

3 - FBIHQ (1 - Fugitive Unit)
2 - Charlotte
WAA:mdy/bhm

**PRIORITY "A" and "B" FUGITIVES - Synopsis of Crime.**

On 4/18/89, subject and accomplice overpowered Deputy Sheriff during transport from court to jail, escaped with deputy's firearm, Smith & Wesson .357 caliber Model 686, and fled to Virginia where he lived with relatives prior to traveling north to New Jersey or New York.  Subject incarcerated at time of escape on Assault with Deadly We<sup>b6</sup> n charges. Subject believed to be traveling with fellow escapee [                    ] <sup>b7C</sup>

## INSTRUCTIONS

1.  **Caution (MKE)** - Insert "C" in block if caution statement indicated.  Basis for caution statement must appear in Miscellaneous block, e.g., armed and dangerous.

2.  **Name (NAM)** - Place name in this block.  Aliases are not to be entered in this block but are to be placed in Aliases block.

3.  **Sex (SEX)** - Sex will be designated by one letter, M (male) or F (female).

4.  **Race (RAC)** - Race will be described by one letter, A (Asian or Pacific Islander), I (American Indian or Alaskan Native), B (Black), W (White), U (Unknown).

5.  **Place of Birth (POB)** - Indicate city and state or, if foreign born, city and country.  Where multiple birthplaces are reported, list verified birthplace or that which appears most logical in this block.

6.  **Birth Date (DOB)** - Enter as month, day and year.  Where multiple birth dates are reported, enter verified birth date or that which appears most logical in this block.  Place other dates of birth in Additional Identifiers block.

7.  **Date of Emancipation (DOE)** - Must be filled in if individual is a juvenile.  Otherwise leave blank.

8.  **Height (HGT)** - Express in feet and inches, e.g., 6'0".  Round off fractions to nearest inch.

9.  **Weight (WGT)** - Express in pounds.  Omit fractions.

10.  **Eye Color (EYE)** - Use appropriate three-character symbol.

11.  **Hair Color (HAI)** - Use appropriate three-character symbol.

12.  **Skin Tone (SKN)** - Use appropriate three-character symbol.

13.  **Scars, Marks, Tattoos, (SMT), and Other Characteristics** - Place in this block only appropriate NCIC coding for scars, marks, tattoos, birthmarks, deformities, missing body parts and artificial body parts as defined in NCIC Code Manual.  If more than one SMT is to be entered, use Additional Identifiers block for additional appropriately coded items.  Use Miscellaneous block to describe all scars, marks, tattoos, and other characteristics, which are not defined in the NCIC Code Manual and to more fully describe SMT's which have been entered in SMT block.  For example, an appendectomy scar, not being readily visible, would be described in the Miscellaneous block.  A tattoo on right arm, shown as TAT R ARM in block, might be further described in Miscellaneous block as a rose tattoo on inside of lower right arm.

14.  **NCIC Fingerprint Classification (FPC)** - Enter NCIC fingerprint classification.

15.  **Other Identifying Number (MNU)** - Miscellaneous numbers may be entered with appropriate identifiers (prefixes).  For first miscellaneous identifying number, use MNU block.  When military service number is in fact Social Security Account Number, the number should be entered in both MNU and SOC blocks.  Additional identifying numbers are placed in Additional Identifiers block.  The identifier (prefix) should precede the number and be separated from the number by use of a hyphen.

16.  **Social Security Number (SOC)** - Place subject's Social Security Account Number in this block.

17.  **Operator's License Number** - Place subject's operator's license number in OLN block.  Also show licensing state (OLS) and year license expires (OLY).

18.  **Warrant Issued By-On-(DOW)** - Enter date warrant issued in DOW block. For juvenile offenders, enter the date of violation.

19.  **Miscellaneous (MIS)** - Enter additional pertinent information in this block.  If caution statement used, basis for statement must be set forth as first item in this block.

20.  **License Plate and Vehicle Information** - Place information concerning license plate and/or vehicle known to be in the possession of subject in appropriate blocks under License Plate and Vehicle Information heading.

21.  **Additional Identifiers** - Enter information concerning additional license plates (number, state, year expires, and where applicable, type); Social Security Numbers; operator's license number, state and year expires; vehicle information (VIN, VYR, VMA, VMO, VST, VCO); MNU's (see list in item 14 above); visible scars, marks, tattoos, and other characteristics; and dates of birth.  Clearly identify what data is being set forth; e.g., Social Security # 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; Michigan operator's license 234567, expires 1987; DOB's 4/5/32, 5/3/32; etc.

22.  By making an III inquiry, the entering agency may become knowledgeable of additional DOBs, AKAs, and other significant information which may aid in the location and/or apprehension of wanted persons.

23.  Changes and deletions should be so indicated in the appropriate blocks.

★U S GPO 1986-0-181-486/54790





EXHIBIT B-1

## RECORD OF COURT ACTION

Form CRC 151.1

| Data | Court Action | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| JUL 17 1990 | | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainan |
| | | Consent | Defendant | Defendant | Defendant | |
| Part | | Court | Attorney | Attorney | Attorney | |
| **AP1** | | **Reason for Adjournment** | | | | |
| Reporter | | | | | | |
| Michele Sinclair | | **SPEEDY TRIAL** | | | | |
| Official Court Reporter | | _____Adjournment period to be excluded under 30.30 CPL | | | | |
| | | _____Adjournment period to be charged under 30.30 CPL | | | | |
| Judge | ROP | _____The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent. | | | | |
| SEYMOUR Bail Condition | | _____The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL. | | | | |

| ate | Court Action | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | | People | Officer | Officer | Officer | Officer |
| rt | | Defense | Complainant | Complainant | Complainant | Complainant |
| | **2** | Consent | Defendant | Defendant | Defendant | |
| | | Court | Attorney | Attorney | Attorney | |
| | | **Reason for Adjournment** | | | | |
| porter | | | | | | |
| | | **SPEEDY TRIAL** | | | | |
| | | _____Adjournment period to be excluded under 30.30 CPL | | | | |
| | | _____Adjournment period to be charged under 30.30 CPL | | | | |
| lge | | _____The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent. | | | | |
| | **Bail Condition** | _____The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL. | | | | |

| e | Court Action | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainant |
| | **3** | Consent | Defendant | Defendant | Defendant | |
| | | Court | Attorney | Attorney | Attorney | |
| | | **Reason for Adjournment** | | | | |
| rter | | | | | | |
| | | **SPEEDY TRIAL** | | | | |
| | | _____Adjournment period to be excluded under 30.30 CPL | | | | |
| | | _____Adjournment period to be charged under 30.30 CPL | | | | |
| e | | _____The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent. | | | | |
| | **Bail Condition** | _____The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL. | | | | |

| | Court Action | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|
| | | People | Officer | Officer | Officer | Officer |
| | | Defense | Complainant | Complainant | Complainant | Complainant |
| | | Consent | Defendant | Defendant | Defendant | |

EXHIBIT B-2

CRIMINAL COURT OF THE CITY OF NEW YORK

PART      COUNTY OF KINGS

WAIVER OF EXTRADITION PROCEEDINGS
Pursuant to Section 570.50 of the Criminal Procedure Law
(Uniform Criminal Extradition Act)

I, James Alfred Garfield Bunch Jr.      accused as a
fugitive from the State of   North Carolina      , charged in the
County of    Caswell      with the crime
of Armed Robbery, Escape From Custody, Kidnapping, Taking Hostages
have been taken before a judge of the Criminal Court of the City
of New York, County of Kings (a court of record) and by that judge
informed of my right to the issuance and service of a warrant of
extradition as provided for in Section 570.18 and Section 570.20 of
the Criminal Procedure Law, of the demand made for my surrender and
of the crime with which I am charged in the demanding state, of my
right to demand and procure legal counsel, and of my right to test
the legality of my arrest by a writ of habeas corpus, as provided
for in Section 570.24 of the Criminal Procedure Law.  I hereby
waive my rights to the issuance and service of a warrant of extra-
dition and to further extradition proceedings and, with advice of
counsel, I consent to return to the demanding state in the custody
of the agent of that state.

Dated: Brooklyn, New York

_____7/17_____                    _____
                                                Fugitive

                                      _____
                                        Counsel for Fugitive

_____               _____
  SEYMOUR GERSCHWER                    Assistant District Attorney

08 105

EXHIBIT B-3

Form C.R.C. 17 DPM-107062 (15M-72)

AFFIDAVIT
FUGITIVE

## CRIMINAL COURT OF THE CITY OF NEW YORK

A

Part _____ AR-1 _____, County _____ KINGS _____

STATE OF NEW YORK  )
   KINGS  ) ss.:
COUNTY OF _____ )

_____ P.O. GEORGE LAPINE #78 _____, a Police Officer of the City of New York,

being duly sworn, deposes and says that upon information and belief

the defendant, _____ JAMES ALFRED GARFIELD BUNCH JR. _____,

stands charged in the State of _____ NORTH CAROLINA _____, City of _____ YANCEYVILLE _____, County of _____ CASWELL _____,

with the crime of _____ ARMED ROBBERY, ESCAPE, KIDNAPPING, TAKING HOSTAGES _____

and that the said crime is punishable by death or imprisonment for a term exceeding one year.

that the sources of deponent's information and the grounds for his belief are communications from the police of said

state, city, and county, to wit:

   A CERTIFIED COPY OF WARRANT # 8904321

  signed by MAGISTRATE JOAN W DANIEL ON 04-19-89

            90K037136

       **90K037136**

deponent therefore asks that the defendant be held a reasonable length of time to enable deponent to produce further

evidence and that upon the completion of an examination pursuant to the provisions of the Criminal Procedure Law or

the defendant's waiver thereof, he be committed to enable his arrest to be made under a warrant of the Governor of

this state on the requisition of the executive authority of the state having jurisdiction of the offense.

          *PO George P Lapine*
                **Affiant**

to before me

_Jun  19_ , 19 _90_

EXHIBIT D-4

# Criminal Court of the City of New York

**NOTICE OF APPEARANCE**

Part......AR3A......, County......Kings......

90 K 637136
Court Number/Year

THE PEOPLE OF THE STATE OF NEW YORK

ON THE COMPLAINT OF

_____

*vs.*

BuNCH

**Defendant**

**TO THE CLERK OF THE COURT:**

You are hereby notified that I represent the defendant in the above-entitled action.

Attorney for the defendant ......Seth Greisman......    By ......Seth Greisman......
                                        Print Name                              Signature

Address ......32 Court St.......

......B'Klyn, NY 11201......
☐ Legal Aid (Assigned)
☒ County Law (Assigned)
☐ Retained

Telephone Number ......797-4164......

6-20-90
Dated:    City of New York

Form CRC-260 (Rev 3/75)

Hertford County and The Roanoke-Chowan Area (EXHIBIT O)

A Park Newspaper                                                    35 Cents

# o be raised by 7 cents

...nted to a potential increase of cents on our tax rate. The et being presented tonight calls d valorem taxes of $5,094,350 salance." It is estimated 47,505 in taxes will be cted for the 1990-91 year, h is 91.5 percent of available ty from the tax levy. This is a deficit of $346,845 to : from a tax increase or the ty's fund balance.

is too early to tell what that balance will be but we are enough to know that it will least $800,000. We in the ger's office are not prepared to

spend any money that would lower the balance below $800,000," Craft said. A certain amount is required by the state to be in the fund balance.

He also mentioned that due to the changes in the operation of garbage collection for rural residents, the sanitation budget would be reduced by $217,000.

Vice chairman Claude Odom responded, saying, "This is not an absolute figure until adoption; however we know it takes money to operate the county. Because of state mandates and other things like Catherine Heights and employee's

health insurance, we are faced with dilemmas and some of the revenue comes from ad valorem taxes."

He continued, "It is a difficult situation. The County Commissioners Association says some counties are raising taxes as much as 17 cents. We are not an isolated case because of state mandates like Senate Bill-111, we have to carry the load ourselves — we are having to bite the bullet."

Several county department heads were on hand at the hearing to voice their concerns. First up was

(See COUNTY, Page 11A)

## Sheriff's department finds two April, 1989 escapees

**By JAY JENKINS**
**Staff Writer**

WINTON — It was 14 months ago when local and state law enforcement personnel were in search of two escaped prisoners around the Union area.

According to Winfred Hardy Jr., sheriff of Hertford County, both suspects have been located.

Hardy said James Garfield Bunch, 44, of Ahoskie was located and picked up by the Federal Bureau of Investigation in New York City June 19, and Warren Carlos Stephenson, age unknown, has been in a Pennsylvania jail under a drug charge since September of last year.

Both men escaped April 18, 1989 while being transported from the Hertford County Jail in Winton.

According to reports from Hardy, Bunch was being taken to Raleigh for safekeeping and Stephenson was being transported to Blanch Prison Unit in Caswell County.

The escape took place in Yanceyville when Bunch and

Stephenson overpowered deputies Elizabeth Callis and Raymond Eure, stole their weapons and drove the county car back to Hertford County, leaving the deputies and car in Union.

Bunch was originally arrested by Murfreesboro police and charged with assault with a deadly weapon with intent to kill.

Stephenson had also been charged with assault with a deadly weapon after being arrested by Ahoskie police.

Hardy said Stephenson would be "shipped" back to Hertford County as soon as he had served out his sentence in Pennsylvania and Bunch would be available for Hertford County officials to pick up as soon as the paper work was processed in New York.

"They will be under additional charges here," Hardy said. "I'm charging them with armed robbery; first degree kidnapping and taking of a hostage, among others."

(See SHERIFF, Page...)



...hway 258 coming into o by Lucy Minetree - boat

# own from a year ago

e up in April 1990 when 350,542,761 worth of products e purchased, compared to the 764,878,261 spent in March of

this year, an increase of $585,664,500, or 10.95 percent.

Contrasting this past April with the fourth month a year ago when

shoppers spent $5,... report shows a ... $159,947,474, or a drop of 2.9 percent.



JUN

FILE

JUN 16 20

Clerk, U.S. District Bankruptcy Co

EXHIBIT-D

SSP

CLASS
SRC'D
SER
REC

RECEIVED
TELETYPE UNIT

20 JUN 90  02 45Z

FEDERAL BUREAU
OF INVESTIGATION

0002  MRI 00003

RR RUEHFB FBIAL FBICE FBINK FBINF

DE FBINY #0001 1710008

ZNR UUUUU

R 200007Z JUN 90

FM FBI NEW YORK (88A-CE-60929)

TO DIRECTOR FBI/ROUTINE/

FBI ALBANY/ROUTINE/

FBI CHARLOTTE (88A-CE-60929)/ROUTINE/

FBI NEWARK/ROUTINE/

FBI NORFOLK/ROUTINE/

BT

UNCLAS

CITE:  //3540//

b6
b7C

SUBJECT:  JAMES ALFRED GARFIELD BUNCH, JR.

         AKA FUGITIVE (A);

         UFAP - ARMED ROBBERY, KIDNAPPING;

         TAKING OF HOSTAGE BY PRISONER;

         ESCAPED FROM CUSTODY;

         OO:CF.

0E 1050

FILED

JUN 16 2008

Clerk, U.S. District and
Bankruptcy Courts

EXHIBIT- D-1

PAGE TWO DE FbINY 0001 UNCLAS

RE NY TELCALL TO CE CASE AGENT ON JUNE 19, 1990.

DISCONTINUE.  SUBJECT ARRESTED BY BUREAU AGENTS WITHOUT
INCIDENT AT 7:30 P.M. ON JUNE 18, 1990 AT 202 WYTHE AVENUE,
BROOKLYN, NEW YORK.  SUBJECT ARRAIGNED BEFORE A U.S. MAGISTRATE FOR
THE EASTERN DISTRICT OF NEW YORK, THEREAFTER, REMANDED TO CUSTODY OF
U.S. MARSHALL.  AT TIME OF ARREST, SUBJECT WAS USING THE NAME OF
CHARLES DAVIS.

LEADS:

CHARLOTTE DIVISION: AT ELIZABETH CITY, N.C.:

WILL INSURE THAT ORIGINAL FEDERAL COMPLAINT AND ARREST WARRANT
FORWARDED TO THE U.S. MARSHALLS SERVICE, EDNY, 225 CADMAN PLAZA
EAST, BROOKLYN, NEW YORK 11201.

WILL INSURE THAT CERTIFIED COPIS OF LOCAL ARREST WARRANTS ARE
FORWARDED TO U.S. MARSHALL SERVICE, EDNY, TO SERVE AS DETAINER.

WILL CLEAR NCIC.

NEW YORK DIVISION: AT NEW YORK, NEW YORK:

WILL PLACE LOCATE.

WILL FOLLOW PROSECUTION.

ARMED AND DANGEROUS - ESCAPE RISK.

BT

#0001

NNNN

Exhibit T-1

1     MR. BUNCH:   And such a request is supported by
2  law.

3     THE COURT:   At this point and time, the Court
4  finds that the elements of first degree kidnapping and
5  the elements of taking of a hostage by a prisoner are
6  separate and distinct, and by virtue of them having
7  separate and distinct elements, both cases can go to the
8  jury.

9     I'm going to raise something on my own motion now,
10  but separate and apart from what Mr. Bunch has just said.
11  Mr. D.R., as I was sitting here looking at it, in your
12  taking of hostages by a prisoner, you allege in the
13  language of the Statute 14-258.3 that the defendant did
14  unlawfully, willfully, and feloniously did take and carry
15  away either Mr. Eure or Mrs. Callis, as a hostage by
16  **threatening her with a .357 Smith and Wesson revolver.**
17  You alleged that that occurred in Hertford County.  Do
18  you have any evidence to support that that occurred in
19  Hertford County?  **Did that not occur at some other far**
20  **remote point where they were taken hostage?  You did not**
21  **pick up the statutory language in your allegation of**
22  **"holding them."    If you had alleged "held," that would**
23  **have applied to Hertford County.**  But from what I have
24  understood of this case, based on the discovery material
25  in the file, which I can read, statements of the officers

08 1059

**FILED**

JUN 16 2008

1  and so forth, that the taking and carrying away occurred

2  at some other jurisdiction.

3        **MR. NEWBERN:  Your Honor, my feeling is the**

4  **same as the kidnapping; the taking and carrying away is a**

5  **continuing enterprise.  It's just as much a kidnapping.**

6  **You can say the kidnapping occurred in the other county**

7  **too, but he still had the people in this county, it was**

8  **still an ongoing continuing enterprise.  And the same**

9  **language in kidnapping applies to language in taking of a**

10  **hostage.**

11        THE COURT:  I think you've got a little

12  difference there.  **The kidnapping alleges confine,**

13  **restraint, and the moving from one place to another, all**

14  **of which arguably under your** forecast of the evidence

15  based on the discovery that's in the file, **could have**

16  occurred in Hertford County.  **A restraint could have**

17  occurred here assuming the **jury would find as a fact and**

18  **so forth.  A restraint or a confinement or a removal**

19  **because there was transportation from point A to point B**

20  **within Hertford County.**  I think you've alleged yourself

21  out on the other two.  **I really do because I think you've**

22  got a jurisdictional problem on these two taking hostage

23  cases because I don't think they occurred in Hertford

24  County, and it picked up the statutory language that said

25  that they were held here.

Exhibit EB

65

1      MR. NEWBERN:  I felt it was a continuing

2   enterprise and that's the reason I wrote it that way and

3   I still feel it's a continuing enterprise.  Whether it

4   happened in one location, they were still taken and

5   carried in Hertford County.

6          THE COURT:  Am I correct that your evidence

7   will show that the initial seizure, if any, if you show

8   any seizure by Mr. Bunch of these two officers, that your

9   showing would be that that initial seizure occurred in

10  some other jurisdiction, not in Hertford County.

11         MR. NEWBERN:  Yes, Your Honor.

12         THE COURT:  Is that a fair statement of what

13  you perceive the facts to be?

14         MR. NEWBERN:  It is.

15         THE COURT:  I'm very close to allowing my own

16  motion to dismiss as to those charges based on your

17  allegations, based on your forecast of the evidence and

18  allow a motion to dismiss in the nature of the failure of

19  jurisdiction and in effect that does what Mr. Bunch is

20  asking me to do.  It's just coming around the other elbow

21  to get there.

22         MR. BUNCH:  Not... even though... and I

23  understand  you just read the statute pertaining to

24  hostage, Your Honor. Even in Yanceyville, you know what

25  I'm saying, even in Raleigh, the law, the double jeopardy

1    clause, it very clearly states and the case law

2    yesterday, last year, twenty-five years ago, they support

3    the very same clause as why they invented in this new law

4    and they gave the clauses, this is my understanding, you

5    know, and the clause says that a motion, you know, to

6    bring a person... even a bill of rights, or, you know, by

7    a Grand Jury, and to bring in both charges, whether small

8    and one large, and they're both already entitled, like I

9    say even...

10    THE COURT: I've already ruled on that part of

11    it, Mr. Bunch. I've already ruled on that.

12    MR. BUNCH: Okay. We make motion of it, Your

13    Honor.

14    THE COURT: Is there anything else you want to

15    say?

16    MR. NEWBERN: Yes, sir. Your Honor, when it

17    says, "take and carry away," if you look at it this way,

18    when they came into the county, he carried them from one

19    location in the county to another. That gives the

20    jurisdiction as far as carrying away. It's an ongoing

21    enterprise. It's something that happened and from the

22    county they were seized in throughout this county. From

23    the point they were in this county, they were carried

24    from one point to another, and that certainly takes the

25

1  language of the statute, "to carry from one location to

2  another," in this county.

3       THE COURT:  Well you've got the same language

4  in the larceny statutes.  And in the larceny statutes,

5  "the carrying away" has been defined as any amount of

6  asportation.  Moving something six inches, if it was done

7  with the intent to steal, is sufficient carrying away.  I

8  believe and find under the larceny statutes the carrying

9  away, you certainly couldn't steal something in Yancey

10  County and still be carrying it away and be convicted of

11  larceny in Hertford County.  Do you follow me?

12       MR. NEWBERN:  Yes, sir.

13       THE COURT:  Under your allegations of the

14  stolen weapon, you've only alleged felonious possession,

15  you did not allege felonious larceny occurring in

16  Hertford County, even though by your facts and by your

17  contentions there was obviously a carrying away still of

18  the weapon that occurred in Hertford County.  And I think

19  the law has been very well defined in larceny as to what

20  is a carrying away.  And I candidly think you've alleged

21  yourself out of court, Mr. Newbern.

22       MR. NEWBERN:  Your Honor, the larceny, at the

23  point he takes it from the possession of another person,

24  is one act; that happened in another county.  When he's

25  got custody of these two people and is transporting them

Exhibit E-6

68

1  throughout this county, he is carrying them through this

2  county and taking them through this county.

3       THE COURT:  14-256... 14-258.3 - "Any person

4  who by threats, coercion, intimidation or physical force

5  takes, holds, or carries away..." is the way the statute

6  reads.  You did not allege the holding, you don't use

7  that language in here in your bill of indictment.

8       MR. NEWBERN:  Yes, sir.  That's right.

9       THE COURT:  You allege, "take and carry away."

10  Conjunctive not the disjunctive.

11    Mr. Leahy, you want to be heard?

12       MR LEAHY:  Your Honor, I was just going to

13  contend it's Your Honor's duty to construe what the

14  language of the statute or Mr. Newbern's argument is.  I

15  guess that you don't need that any one or two takes holds

16  or carries away, could mean all three.  And I just

17  contend that that's what's the... what's meant, they

18  wouldn't have to put all three in there.  There wouldn't

19  be any rational purpose for having the three in the

20  disjunctive.

21       THE COURT:  I also note there are no cases at

22  all under that statute.

23       MR. LEAHY:  I know, I noticed not a single one.

24       THE COURT:  None at all.

25

Exhibit E

69

1    MR. BUNCH:  It also has, Your Honor, taking of

2   hostage by a prisoner, and you know, like I say I don't

3   have all the books here and I haven't had the chance to

4   do the research that, you know, we requested from the

5   beginning, but I don't see here really where it says or

6   even identifies the hostage situation with a prisoner.

7   All it says is "the Department of Corrections or outside

8   the Department of Corrections."  It doesn't say on a

9   highway in the State of North Carolina, it says in, you

10   know, in the Department of Corrections facility or a

11   local facility.

12    THE COURT:  Well in the custody of any facility

13   or any person in custody.

14    MR. BUNCH:  I mean, you know, we read the law

15   here...

16    THE COURT:  Wait a minute, you may be right on

17   that.

18    MR. BUNCH:  That would apply to Caswell County,

19   any other county we came through as they allege.

20    THE COURT:  Well on my own motion, I'm going

21   to dismiss the count of the Class "I" felonies in

22   90CRS2657 and 90CRS2656 for lack of jurisdiction.

23    MR. BUNCH:  Thank you, Your Honor.  We

24   appreciate that.

25

Exhibit E-8

1    THE COURT:  Here you go Madam Clerk, I'm going

2    to give you these two files back.  If the State wants to

3    take that up and get the statute construed, I'll be happy

4    for you to do so.

5        Based on the forecast of the evidence before me, I'm

6    going to allow my own motion to quash those bills of

7    indictment.

8        MR. BUNCH:  Thank you, Your Honor.  Very wise

9    judge.

10    THE COURT:  Those cases are out of the case

11    now, and I will instruct the jury that I have as a matter

12    of law dismissed those cases and they are to not consider

13    those charges.

14        MR. BUNCH:  Thank you, Your Honor.

15        THE COURT:  Now, what else have you got?

16        MR. BUNCH:  I notice that the District Attorney

17    or the State has mentioned the continuing enterprise.

18        THE COURT:  No, sir.  I cut him off at the pass

19    on that.

20        MR. BUNCH:  Yeah, but I want to make sure we've

21    got a proper venue question here, you know, cause I want

22    him to construe continuing enterprises as we would under

23    any drug problem or, you know, some rich man out there

24    building an empire...

25

Exhibit E-8

1      THE COURT:  **No, sir.  That's something entirely**

2  **different.**

3      MR. BUNCH:  Okay.  So we don't have a problem

4  with the venue.

5      THE COURT:  The problem I had with venue I've

6  just taken care of by dismissing two out of the five

7  cases, Mr. Bunch.

8      MR. BUNCH:  **Two out of five.**

9      THE COURT:  **Yes, sir.**

10     MR. BUNCH:  **Very good, Your Honor.**

11     THE COURT:  That was my venue problem, and I've

12  taken care of it.

13     MR. BUNCH:  **Yes, sir.  But you know there is a**

14  **thing that we have in North Carolina... I don't think the**

15  **District Attorney is aware of it; I know he's very sharp,**

16  **or at least alleges.  I know we have a problem here, Your**

17  **Honor, with the venue thing because according to the**

18  **State of North Carolina and the jurisdiction statute**

19  **here, we have what we call concurrent venue.  You would**

20  **agree with that wouldn't you, Your Honor?**

21     THE COURT:  Yes, sir.  Now you keep talking

22  that way, you're going to get me to reinstate those two.

23     MR. BUNCH:  **Well, Your Honor...**

24     THE COURT:  **We've got no jurisdictional**

25  **problems now.  I'll tell you that.**

Exhibit E-10

72

1    MR. BUNCH: Okay. All right, sir.

2    THE COURT: I'm not going to hear anymore

3    jurisdictional argument.

4    MR. BUNCH: All right, sir. Okay we're

5    finished with that then. The Court's satisfied.

6    THE COURT: I'm satisfied these charges....

7    MR. BUNCH: Yes, sir, Your Honor. Well noted

8    in the book.

9    THE COURT: ...to go forward at this point.

10   Now the State has still got the burden of proving their

11   case. The State hasn't put on a lick of evidence yet

12   against you and you're presumed innocent right now in the

13   eyes of the jury and in everybody else's eyes.

14   MR. BUNCH: Well maybe your eyes, Your Honor.

15   But you know, I might take credit when you say that

16   statement, but when you said in everybody else's eyes, I

17   have a question of that. I mean I've already been tried

18   and convicted across the street here.

19   THE COURT: Well as a matter of constitutional

20   law, you are presumed to be innocent until proven guilty.

21   MR. BUNCH: Yes, sir, Your Honor, I know that.

22   Thank you very much.

23   MR. LEAHY: Your Honor, I think Mr. Bunch would

24   like to note an exception on the record on his

25   jurisdiction argument.

Exhibit E-11

73

1    MR. BUNCH:  Yes, sir.

2        THE COURT:  All right.  The exception is noted.

3    Any further jurisdictional motions are denied.

4    Exception is noted.

5        All right.  Are we ready to proceed now?

6        MR. BUNCH:  One minute, Your Honor.

7    (Mr. Bunch confers with his stand-by attorney, Mr.

8    Leahy.)

9        MR. BUNCH:  Your Honor, I guess we are... as

10   you said, presumed innocent until proven guilty, Your

11   Honor.  I think we might be ready to proceed.

12       THE COURT:  All right.  Bring the jury back in,

13   mister Sheriff.

14   (Jurors return to the courtroom at 9:48 A.M.)

15       THE COURT:  All right, ladies and gentlemen,

16   I'm sorry that took a bit longer than I anticipated it

17   doing so and I beg your apology for that.  Before we

18   start the evidence in the case, let me tell you just a

19   couple of things if I might please.

20       Since you were here on Monday, the defendant, Mr.

21   Bunch, seated here, has determined to or decided to

22   exercise his Constitutional right which he has both under

23   the United States Constitution, the Constitution of the

24   State of North Carolina, and the statutes and laws of our

25   State to represent himself and to act as his own attorney

EXHIBIT F-1

181

THE COURT:  What evidence is there, as the

Supreme Court has held in Moore, what evidence is there

that the holding of either of these deputies or Mr. Eure

was not a deputy, Deputy Callis and Mr. Eure, was to hold

either one of them as security for the performance or

forbearance of some act by some third person?  What

evidence is there at all of that, Mr. Newbern?

MR. NEWBERN:  Your Honor, for the fact that he

could have let them out at another location and he chose

not to do that.

THE COURT:  If I had wings, I could fly, if...

MR. NEWBERN:  He also said he wanted to keep

them with him until he got back to Hertford County.

There's a reason for that too.  He was keeping them with

him until he got back to Hertford County.  He could have

easily left them in the same location.  This is taking

the evidence in the light most favorable to the State.  I

think even after that when he said...

THE COURT:  Yes, sir.  But that's the

definition of holding a person as a hostage.  It's not

the definition that we think about that you see on L.A.

Law and on the popular TV thing, and the movies and what

have you.  The definition as set down by our Supreme

Court in State v. Moore is, "...to hold a person as a

hostage, means to hold him as security for the

EXHIBIT F-2

182

performance or forbearance of some act by some third

person." What third person would have forborne or would

have performed?

        MR. NEWBERN: If he had been stopped by another

police officer that he had someone there, two deputy

sheriffs that he had a gun on. *I think the jury could

find it and I think that's reasonable for any person to

find that, that the reason he kept them with him, he

said, "I'm taking you back to Hertford County with me."

He could have left them on the side of the road. And I

think the reasonable inference that any person would see

is that when he took them, he kept them with him, he

being an escaped prisoner, he had two officers with him,

and kept him with him, with the danger to himself of

being jumped by them, for a reason. And if that other

police car had· stopped him, that's exactly the reason he

had them with him. The forbearance would be another

police officer taking him under arrest. That's why he

had them with him. That's what the jury could find from

this evidence as why he had them with him, by not leaving

them at another location. He was escaped and he was

trying his best to get back to Hertford County and had

two people in the car with him, and kept them in the car

with him. I think it can be affirmed from that that's

why he kept them, for his own protection. And

*EXHIBIT F-3*

forbearance is to keep himself from getting arrested again. That's what happened in this case. That's the evidence in the case and that's what these people have told you what happened, and I think it should go to the jury on kidnapping for that reason. That he kept them with him, that he's an escaped prisoner. If he wasn't an escaped prisoner, it might be another situation. He's an escaped prisoner trying to get back to Hertford County, holding a gun on one deputy sheriff and one dispatcher, and keeps them with him all the way back to Hertford County, and that's not holding someone as a hostage. The forbearance is another police officer...

THE COURT: In the common use of the language, I would agree with you.

MR. NEWBERN: No, sir. I'm talking about the definition of hostage as used in the case law, "for the forbearance of an act by another person." I submit that's on a law officer. It doesn't say anything about you have to name that other person. If another person is in front of him, it would be a shield. That's why we allege hostage. For the forbearance or prevention of activity by another person. That's law, Your Honor. If a law enforcement officer stopped him, and it had to go one step further, we could allege shield. That's why shield is in there. That when someone takes another

EXHIBIT F-4

184

person and he's got a reason not to want to be captured, and he holds a gun on that person, it could not be inferred from the jury that it's to prevent the law enforcement officer from catching him or to aid in his escape.

THE COURT:  And you did not allege, and it would have been so easy, and we wouldn't have had this problem at all if you had simply alleged facilitating the commission of a felony.

MR. NEWBERN:  It's a misdemeanor to escape when you haven't been convicted, Your Honor, or I would have. It's a misdemeanor to escape when you're being held for trial.

THE COURT:  Or facilitating the flight of any other person while in commission of a felony.

MR. NEWBERN:  No felony had been committed.  He escaped; a misdemeanor.

THE COURT:  What about the larceny of the firearm?

MR. NEWBERN:  But, Your Honor, that was not the commission... that we argue to you helped him escape.

THE COURT:  There are several ways to avoid this problem.  Anyway, you want to be heard further, Mr. Leahy?

MR. LEAHY:  Your Honor, I just reiterate my argument.  There is absolutely no evidence of what Mr. Newbern was arguing.  He's strictly arguing inferences at best.  I'd supposition not even inference.

MR. BUNCH:  It basically alleges, Your Honor, that... he's alleging that, you know, I escaped.  He's alleging I could have left them anywhere.  And if I had left them anywhere, that would have placed them in position where what he's alleging would have in fact occurred.  You know what I'm saying because I would have left them, you know, in a place where, you know, there was nobody there.  Then I would have marched them off in a wooded area, you know, his issue would be, you know, would be, so it would be standing.  But he's alleging that I could have left them anywhere and that I was holding them to facilitate my escape as a shield.  That's why he alleged and which he didn't.  And in support of that, Your Honor, you find out that I could have left them... I had a uniform on so they say, you know what I'm saying, so why would another police officer stop another police officer.  They admit we had no problem.  No complications.  They knew where they was going.

THE COURT:  Yes, sir, and I'm happy about that.  In the case of State v. Sutcliff essentially the issue of safe place is pretty much a jury issue and it's

a factual situation and it's not grossly removed from this one. It's different, yes, but it's not... I think that's a jury issue as to what is or is not a safe place. I think that's up to the jury to decide.

MR. LEAHY: I looked and looked and couldn't find a single case on safe place.

THE COURT: That's <u>State v. Sutcliff</u>, `322 at 85. It's different because it occurred in the nighttime. That's one of the major differences.

I'm going to deny the motion at this juncture. And I'll submit it to the jury at this point. Of course, there may be other motions subsequent.

Mr. Leahy, have you explained to the defendant the consequences of his rights to testify or to not to testify, sir?

MR. LEAHY: Yes, I did talk about that, Your Honor.

THE COURT: All right. You have discussed that with him.

MR. LEAHY: Yes, sir.

THE COURT: All right, sir. Do you desire to put on evidence, Mr. Bunch?

MR. BUNCH: No, sir, Your Honor. I'm satisfied with the State's.

THE COURT: It's up to you.

EXHIBIT F-7
187

1       MR. BUNCH:   No, sir.

2       THE COURT:   You don't desire to testify then?

3       MR. BUNCH:   No, sir.

4       MR. LEAHY:   We renew our motions, Your Honor.

5       THE COURT:   All right.   Renew your motions at

6  the close of all the evidence.   Motions are denied again.

7       MR. LEAHY:   We would note exceptions to both

8  rulings.

9       THE COURT:   Note exceptions to both rulings

10  denying his motions.

11     All right.   We need to have a charge conference

12  where I tell you what I'm going to instruct the jury

13  about.   But it's twenty minutes past twelve, twenty-one

14  minutes past twelve by the courtroom clock.   What I

15  propose to do is before we have our charge conference,

16  bring the jury back in, let them go on to lunch, we'll

17  stay here and do that.   When the jury comes back from

18  lunch then we'll proceed with the arguments to the jury

19  at that time.

20     Bring the jury back in and put them in the jury box

21  please.

22  (Jurors return to the courtroom at 12:21 P.M.)

23     THE COURT:   All right ladies and gentlemen,

24  that concludes the evidence in the case.   The next order

25  of business for your consideration will be arguments made

You ladies and gentlemen may retire to your room, deliberate together, and see how you find in these cases. (Jurors leave the courtroom at 3:00 P.M.)

THE COURT: All right, let the record show that the jury went out at almost exactly 3:00 P.M. madam clerk, and also as the jurors were going out one of the jurors asked if he could ask me a question and I responded to him that I could not. I'm not sure which juror he is. I guess it's Mr.... I think it's Mr. Finnell, #4, I think as I recognized as to which one he was. I think that's correct. As he was walking out, he said, "May I ask you something," and I said, "No, sir. You cannot," and he went on out.

All right, Mr. Leahy, did you have something you wanted to ask?

MR. LEAHY: Your Honor, Mr. Bunch wanted to be heard further on a motion to dismiss we made that Your Honor denied earlier, but he does have some law that he would like to be heard on on that.

THE COURT: I'll be happy to hear from him. Yes, sir.

MR. BUNCH: As you know, Your Honor, the State brought forth the intent in the true bill of indictment and they brought forth the intentions on the State to prosecute me on the behalf of the bill of indictment

EXHIBIT G-2

1   stating on the grounds that I had left the defendants, or

2   had left the deputies in an unsafe place.  The law in

3   State v. Odom says clearly that the Court must dismiss

4   these charges if the State does not prove that the

5   defendants or that those who allegedly are the victims

6   was not released in a safe place, Your Honor.

7           THE COURT:  I agree with that.  That's a good

8   statement of the law.

9           MR. BUNCH:  I would like to motion that the

10  Court to dismiss the kidnapping charge as a whole.

11          THE COURT:  All right, sir.  The motion is

12  denied.  In my judgment it is a jury question to

13  determine what is or is not an unsafe place and that's

14  what I'm going to let these folks do.  That's the way I

15  instructed them.  If they don't find it was a safe place,

16  or an unsafe place, they are not to find you guilty.

17  It's a question for the jury to determine.

18          MR. BUNCH:  Object, Your Honor.

19          THE COURT:  The motion is denied.

20      Is the jury in the room, mister sheriff?

21          SHERIFF:  Yes, sir.

22          THE COURT:  All right.  You may escort the

23  defendant back to the holding cell while... don't create

24  a ruckus outside that room out there, the jury, because

25  the holding cell is almost directly across the way.  It

EXHIBIT G-3
219

1  would not serve you well, Mr. Bunch.  I think you can

2  understand that.

3          MR. BUNCH: Yes, sir.

4          THE COURT:  And I don't want the deputies to do

5  anything that would be prejudicial to you either.

6          MR. BUNCH: I would also like to request a

7  motion, Your Honor, that all the charges the State has

8  brought against me be dismissed and especially kidnapping

9  since they are also charges that have been arraigned in

10  District Court in Yanceyville and they have been bound

11  over to Superior Court in Yanceyville, the very same

12  kidnapping charges, alleging the very same thing.

13          THE COURT:  Have you been convicted in Caswell

14  County?

15          MR. BUNCH: No, sir.  I have not been

16  convicted.

17          THE COURT:  All right.  Motion is denied.

18          MR. BUNCH: Yes, sir, Your Honor.  Thank you.

19          THE COURT:  Yes, sir.  Thank you.

20      Incidentally, you did an excellent job arguing your

21  case.  I commend you for it.

22          MR. BUNCH:  Well thank you, Your Honor.  Thank

23  you very much.

24  (Mr. Bunch leave the courtroom with the sheriff.)

25  (Court takes up other matters.)

1          MR. LEAHY:  Your Honor, the first motion was a

2  motion to continue based on my not having adequate time

3  to prepare.  I would like to review for the record what I

4  went over with Your Honor at the bench.

5          Since I was appointed in this case, sometime mid to

6  late July, and immediately prior to that time, I had just

7  finished a three week trial for drug a trafficking case.

8  I had to catch up on my work that had fallen behind

9  because of that.  I will say Mr. Newbern cooperated with

10 me on the District Court cases because they were...

11         THE COURT:  You say he did cooperate?

12         MR. LEAHY:  Yes, sir.  He did cooperate with my

13 getting my work caught up in other cases.  We had a

14 probable cause hearing scheduled for this on August 7th

15 which was continued.  August 13th through the 17th I had

16 Superior Court here in Winton, which I tried a felony

17 larceny case and entered some pleas.  August 14th a

18 probable cause hearing in this case was continued because

19 I was involved in a trial in Superior Court.

20         THE COURT:  When you say, "this case," are you

21 talking about Mr. Bunch's case?

22         MR. LEAHY:  Mr. Bunch's case; yes, sir.  The

23 following week, August 20th through the 23rd, I was in

24 Superior Court three days that week in Bertie County with

25 Your Honor and then back on Thursday on a plea in a

OE 1050

**FILED**

JUN 16 2008

Clerk, U.S. District and
Bankruptcy Courts

EXIBIT H-2

second degree murder case.  And in Gates County Superior

Court a trial on second degree rape, incest case.  August

31st I was appointed to a first degree murder case in

Gates County.  At the same time I had another first

degree murder case, was co-counsel in Hertford County and

I'm sure Your Honor is aware of those taking up a lot of

your time.

September 4th we had a probable cause hearing late

in the afternoon about three o'clock and I mailed my

request for discovery on September 5th.  And about this

time I also mailed out a Brief on an appeal I had been

having to work on in the Court of Appeals.  I mailed that

out on September 5th.  And September 6th and 7th I was at

a Continuing Education Seminar in Raleigh.  Last week I

was back here in Superior Court and tried a case on

Wednesday and entered a plea Monday.  I was in-between

District Court and Criminal Superior Court on Tuesday,

and Wednesday tried the case.  Went back over on Thursday

to District Court in Bertie County and back here to work

on a transcript on appeal that I was having to review.  A

two thousand and some page transcript on a three week

drug trial.  I'm still, Your Honor, preparing that and

having to work on that a little bit to get that ready, to

get the record ready.

EXHIBIT H-B

13

I will say also that I just haven't had time as I said to prepare. It's not a run of the mill case. It's two charges of first degree kidnapping. I've been practicing about ten years and I've never had a kidnapping case before so it's required some extra research on my part on things that I'm not familiar with. It's not like some cases that I try repeatedly, I've had to do research into things that I'm unfamiliar with. And I've gotten in a position where we've been having a lot of Superior Court and I'm having to neglect all my other clients to come to court and trying to prepare. But I've also gotten to the point here that I just haven't had time to prepare. It's the first time in I can't remember when that I've made a motion to continue. It wasn't at my client's request, but it was at mine because of just not having had time to feel like I can effectively represent him.

I filed a written motion to continue Tuesday of last week. And Mr. Beard, the District Attorney, told me on Thursday morning...

THE COURT: Where is that written motion to continue?

MR. LEAHY: I handed it to the Clerk, Your Honor, and gave a copy to Mr. Newbern.

THE COURT: I do not see it in the file.

EXHIBIT H-4

14

MR. LEAHY:  I give it to the Clerk and did give one to the District Attorney.

THE COURT:  It could be in the Clerk's Office getting to the file.

MR. LEAHY:  Mr. Beard told me on Thursday morning that he intended to call this case for trial first.  I got my discovery at two o'clock on Friday and had to spend... I spent Thursday afternoon on that murder case in Gates County, looking at the crime scene before it got cleaned up.  It's one of those things that has to be done or else it would be cleaned up and it won't be the same thing.

And as I said, I made a motion to continue on lack of time to prepare.

THE COURT:  Let me stop at that point; did you want to be heard further?  The jury hasn't been impaneled.  If you want to be heard further, I want to hear from you.

MR. LEAHY:  Your Honor, I don't have anything else to say except to say that I spent all day yesterday researching this.  I've never had a kidnapping case or hostage case and it's just new things to me that I haven't researched before.  It's not like one that I, as I said, that I've tried.  I don't want to try to duck cases at each term of court; I try cases.  I don't feel

EXHIBIT #5

1  like I can give him good representation on these serious

2  charges.  I just feel I should have the time to get it

3  ready before the trial.

4       THE COURT:  You did say you had an opportunity

5  yesterday to do research?

6       MR. LEAHY:  Yes, sir; I did do some research on

7  it, but I don't feel like... you know you can be somewhat

8  prepared, but not feel fully prepared, and that's the

9  position I feel that I'm in now.

10      THE COURT:  Well the record indicates on the

11 bill of indictment these crimes allegedly occurred well

12 over one year ago, as I recall almost eighteen months...

13 April 18th, 1989.  It's indicated in the record in the

14 defendant's writing on his affidavit of indigency that

15 he's been in custody or been in jail since the June 18,

16 1990.  The total bonds in these cases were in excess of a

17 hundred thousand dollars apparently, as I review the

18 file.

19      MR. LEAHY:  I think that bond was set at a

20 hundred thousand after the probable cause hearing.

21      THE COURT:  Mr. Leahy you were appointed in

22 these cases by District Court Judge, Judge Riddick, on

23 July 24, 1990.  I've reviewed the discovery material, the

24 copy of which is in the file, and it candidly appears to

25 be a very straightforward case.  Got copies of the Deputy

EXHIBIT H-6

EXHIBIT B

A 17

16

Sheriff's full reports or it appears to be anyway.  Is

that correct?  You give him basically everything that's

in your file?

        MR. NEWBERN:  Yes, sir.  I gave him a copy of

what I had in the file.

        THE COURT:   Considering all that you've said

sir and considering all the other things that I find in

the record and otherwise, in my discretion I'm going to

deny the motion to continue.  I know you Mr. Leahy.  I

know you're a very able and aggressive attorney, and I

don't know of any reason you can't try this case.

        Now, I'll be glad to hear you on the Batson matter.

        MR. LEAHY:  Your Honor, the defendant wants to

be heard.

        MR. BUNCH:  In that case, I would like to ask

the Court to allow me to represent myself.  I feel that

my attorney spoke very well when he asked the Court to

give him an opportunity so he could bring forth proper

research so that we could bring this case to court in a

fair and proper manner.  And if the Court feels like this

attorney isn't qualified or his readiness as an attorney,

when he's representing my rights, he's here in the best

interest of me and feels he hasn't researched... he even

admitted he hasn't, I would ask the Court to remove him

EXHIBIT H-7

17

from my case and give me an opportunity to represent
myself.

THE COURT:  Motion is denied.  You have Court
appointed counsel that's been appointed.   Wait a minute,
give me a Chapter 15 somebody.  Sit down please.  Sit
down, I'll hear from you.  Sit down.

MR. BUNCH:  Of course.

THE COURT:  Sit down.

MR. BUNCH:  Of course.

(Defendant sits down.)

(Court reviews Chapter 15A of the General Statutes.)

THE COURT:  All right, Mr. Bunch, upon your
statement that you desire to represent yourself rather
than having Mr. Leahy represent you, sir, is what I
understood you to say, I'm required to advise you of
certain things: Please listen carefully to what I'm going
to say to you sir.

First of all, I'm required to tell you again of what
you are charged with.  You are accused in two separate
charges; one of kidnapping Mrs. Callis, the lady sitting
over here.  The other of kidnapping Deputy Sheriff Eure.
I believe the gentleman sitting next to her.  I believe
that's who it is.  You are accused of kidnapping each of
those persons.  Kidnapping, the offense of first degree
kidnapping has multiple elements the State will be